## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| INTEGRATED DRIVES, INC., | : |
| | : |
| Plaintiff, | :  Case No:  2:08-cv-14949 RHC-MKM |
| | : |
| vs. | : |
| | :  Hon. Robert H. Cleland |
| ROSSI GEARMOTORS, a division of | : |
| HABASIT AMERICA, INC., | :  Magistrate Judge Mona K. Majzoub |
| | : |
| Defendant. | : |

_____

| | |
|---|---|
| Barbara H. Kramer (P 49318) | Christopher J. Nelson (P53745) |
| KRAMER & KRAMER, LLP | BUTZEL LONG P.C. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 24 Frank Lloyd Wright Drive, Lobby D | Stoneridge West |
| Ann Arbor, Michigan  48105 | 41000 Woodward Avenue |
| Tel: (734) 930-5452 | Bloomfield Hills, Michigan 48304 |
| Fax: (734) 665-8788 | Tel: (248) 258-1616 |
| Email: bkramer@kramerandkramer.com | Fax: (248) 258-1439 |
| | Email: nelsonc@butzel.com |

### STIPULATED PROTECTIVE ORDER

WHEREAS, the parties consider certain information in their possession to be commercially proprietary or otherwise confidential and they agree and stipulate to the entry of this STIPULATED PROTECTIVE ORDER limiting disclosure and use of such information, IT IS HEREBY ORDERED PURSUANT TO FED. R. CIV. P. 26(c):

1.      Any document, interrogatory answer, deposition testimony or information obtained through any means of pretrial discovery which relates to this case, or any portion of such document, interrogatory answer, deposition testimony or information, may be designated as confidential by any party if such party reasonably believes that such material is entitled to protection from disclosure.

2.      Material designated for protection under this Order ("Protected Material") shall be categorized by the party into one of the following classifications:

(a)      "CONFIDENTIAL"; or

    (b)    "ATTORNEYS' EYES ONLY".

The words above in quotation marks shall be placed clearly only each portion of the Protected Material. In lieu of marking the original of a document, if the original is not produced, the designating person or entity may mark the copies that are exchanged or produced.

    3.    Protected Material classified "CONFIDENTIAL" under Paragraph 2(a) may be disclosed only to the following persons, except upon the prior written consent of the designating party:

    (a)    Defendant's officers who are assisting counsel in the defense of this case;

    (b)    Plaintiff's officers who are assisting counsel in the prosecution of this case;

    (c)    Outside attorneys for the parties and regular employees of such attorneys who are assisting counsel in the prosecution or defense of this action;

    (d)    Witnesses or potential witnesses;

    (e)    Bona fide consultants and experts, consulted with or retained by counsel for the parties to serve in such capacity, and then only to the extent necessary for the conduct of this action; and

    (f)    The Court and court personnel, deposition and trial court reporters, and mediators, arbitrators, or other personnel engaged as part of alternative dispute resolution.

    4.    Protected Material classified "ATTORNEYS' EYES ONLY" under Paragraph 2(b) hereof may be disclosed only to those persons enumerated in Paragraphs 3(c), 3(e), and 3(f), hereof, unless the prior written consent of the designating party is first obtained.

    5.    All persons to whom Protected Material is to be disclosed in accordance with the terms of this Order, except those persons enumerated in Paragraphs 3(c) and 3(f), shall be advised by counsel of the terms of this Order, informed that they are subject to the terms and conditions of this Order and shall execute a Secrecy Agreement Declaration in the form of Attachment A prior to any disclosure.  A copy of the Secrecy Agreement Declaration so executed shall be retained by counsel for the party who has disclosed Protected Material in accordance with this Order and shall be provided to the other party upon the conclusion of the litigation.

2

6.      Protected Material disclosed at any deposition, including testimony, information or exhibits, occurring in this litigation after the date of this Order shall be designated under Paragraph 2 by any party by indicating on the record at the deposition that the testimony is Protected Material and noting the appropriate category of classification.   Any party may also designate testimony, information or exhibits disclosed at such deposition as Protected Material by notifying the other party in writing within five (5) days after receipt of a transcript of that deposition.   All parties shall hold all transcripts of and exhibits to depositions for five (5) days from the date of the receipt of the deposition transcript to allow designation of Protected Material, before disclosing information obtained at the deposition to any person to whom disclosure of confidential information would not be permitted by this Order.   Upon request by the designating party, the court reporter shall designate those portions of the deposition transcripts which are considered to be Protected Material with the appropriate legend indicated under Paragraph 2.

7.      The only Protected Material that may be designated "ATTORNEYS' EYES ONLY" pursuant to Paragraph 2(b) shall be specific aspects of Defendant's sales information for the period of time after April 30, 2007

and only to the extent necessary to protect specific confidential product pricing information.  In the event that such pricing information is designated "ATTORNEYS' EYES ONLY" in accordance with this Paragraph, such material shall be produced (a) with only the privileged material redacted; and (b) the material shall be produced so as to enable those persons enumerated in Paragraphs 3(a), 3(b), and 3(d) to review such materials and to enable Plaintiff to analyze damages.  The parties shall have the right to challenge an "ATTORNEYS' EYES ONLY" classification of said material with the Court.  Attorneys for the parties may consult with their clients concerning product classifications and comparable general information contained in documents designated "ATTORNEYS' EYES ONLY" provided, however, that any such discussions do not involve the disclosure of any specific sales and financial data contained in such documents.

8.     Any Protected Material filed with the Court shall be clearly marked "TO BE FILED UNDER SEAL PURSUANT TO ORDER" and shall remain under seal until further order of the Court. Where possible, only those portions of the filing constituting Protected Material shall be filed under seal.

9.     Each party shall use its best efforts to maintain the confidentiality of Protected Material. Nothing in this Paragraph, however, shall preclude a party from using Protected Material at a hearing or trial if such party cooperates both with the designating party and the Court in preserving the confidentiality of the Protected Material.

10.     After termination of this action, including any appeals, documents and other tangible items containing Protected Material, including all copies, notes, electronic data, and other materials containing or referring to information derived therefrom, shall, within 30 days after termination, be delivered to the designating party or destroyed.  Orders and opinions of the Court and Documents filed with the Court, including any orders or opinions of the Court, which incorporate or otherwise contain Protected Material, shall remain subject to this Protective Order unless destroyed.  In the event such documents are destroyed, an affidavit attesting to the destruction of such documents shall be delivered to the designating party upon written request by the designating party served within 45 days' of the

4

termination of this action.  If Protected Material was incorporated as part of attorney work product, such work product shall be destroyed and an affidavit delivered to the designating party attesting to the destruction of such work product as set forth above in this Paragraph.

11.     Protected Material produced or exchanged in the course of this litigation shall not be used for any purpose other than the parties' prosecution or defense of this action, including but not limited to preparation for trial, trial of this action, and any pre-trial or post-trial proceeding in this action.

12.     The treatment accorded Protected Material under this Order shall survive the termination of this action.

**AGREED AND ACCEPTED:**

By:   */s/ Barbara H. Kramer*          By:   */s/ Christopher J. Nelson*
      Barbara H. Kramer (P 49318)              Christopher J. Nelson (P53745)
      KRAMER & KRAMER, LLP                     BUTZEL LONG P.C.
      Attorneys for Plaintiff                  Attorneys for Defendant

ENTERED this 1st day of May, 2009.

S/Robert H. Cleland

United States District Judge

6

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

_____

|  |  |  |
|---|---|---|
| INTEGRATED DRIVES, INC., | : | |
| | : | |
| Plaintiff, | : | Case No:  2:08-cv-14949 RHC-MKM |
| | : | |
| vs. | : | |
| | : | Hon. Robert H. Cleland |
| ROSSI GEARMOTORS, a division of | : | |
| HABASIT AMERICA, INC., | : | Magistrate Judge Mona K. Majzoub |
| | : | |
| Defendant. | : | |

_____

Barbara H. Kramer (P 49318)                     Christopher J. Nelson (P53745)
KRAMER & KRAMER, LLP                       BUTZEL LONG P.C.
Attorneys for Plaintiff                               Attorneys for Defendant
24 Frank Lloyd Wright Drive, Lobby D          Stoneridge West
Ann Arbor, Michigan  48105                       41000 Woodward Avenue
Tel: (734) 930-5452                                  Bloomfield Hills, Michigan 48304
Fax: (734) 665-8788                                  Tel: (248) 258-1616
Email: bkramer@kramerandkramer.com          Fax: (248) 258-1439
                                                        Email: nelsonc@butzel.com


## SECRECY AGREEMENT DECLARATION

I, _____, under penalty of perjury, declare that I have read a copy of the

Protective Order entered in this case on _____, 2009; that I recognize that during my

participation in this case, I may have occasion to read or hear confidential matters which are designated

"Confidential" or "Attorneys' Eyes Only" and I agree not to disclose any such confidential matter to any

person not entitled to receive disclosure of the same under the provisions of such Protective Order; that I

agree to use any such confidential matter solely for the purposes appropriate to my participation in this

case; and that I agree to abide by said Protective Order in every respect.


_____
                                        (NAME)


## EXHIBIT A

7